IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMEL CHAWLONE BROWN,

    Movant,

v.
    CIVIL ACTION NO. 3:11-00099
    CRIMINAL ACTION NO. 3:08-00259

UNITED STATES OF AMERICA

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion by Jamel Chawlone Brown to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 101. This action was referred to The Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On August 17, 2012, Magistrate Judge Eifert issued Proposed Findings and Recommendations that recommended the motion be denied. ECF No. 108. For the reasons below, the Court **ACCEPTS** the magistrate judge's recommendation, **ADOPTS** the findings, and **DENIES** Brown's Motion.

    **I.**    **BACKGROUND**

On June 29, 2009, Movant Jamel Chawlone Brown ("Brown") pleaded guilty pursuant to a plea agreement to one count of Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1). ECF No. 57. Brown was sentenced to 169 months' imprisonment and 6 years' supervised release on November 30, 2009. ECF No. 82. He later appealed his sentence

but was unsuccessful. *United States v. Brown*, No. 09-5185 (4th Cir. June 14, 2010), *cert. denied*, No. 10-6401 (U.S. Oct. 18, 2010).

Brown filed the instant motion for relief pursuant to 28 U.S.C. § 2255 on February 11, 2011, alleging ineffective assistance of counsel. In his motion, he asserted the following grounds for relief: (1) counsel failed to file a motion to suppress a firearm collected by law enforcement during an inventory search of his vehicle, which would have prevented the government from using it as a "bargaining tool"; (2) at sentencing, counsel failed to object to the conversion of $2,035 in currency found on Brown's person at the time of arrest into an equivalent number of oxycodone pills; and (3) counsel failed to request a downward departure pursuant to § 4A1.3 of the sentencing guidelines, based on Brown's belief that his criminal history category over-represented the seriousness of his criminal history. ECF No. 101.

In proposed findings and recommendations, the magistrate judge found that Brown's motion lacked merit on all three grounds. First, the magistrate judge concluded that Brown entered a knowing and voluntary guilty plea, which foreclosed from review the alleged failure of Brown's counsel to file a motion to suppress the firearm. Moreover, pursuant to the plea agreement, the government dismissed the counts premised on the firearm discovered in Brown's vehicle and the evidence against Brown on the possession charge was overwhelming. Proposed Findings and Recommendations, ECF No. 108, at 14-18. Second, the magistrate judge found that the conversion of the $2,035 into its equivalent drug weight had no impact on Brown's sentence and thus Brown cannot demonstrate a reasonable probability that his sentence would have been more lenient absent counsel's alleged error. *Id.* at 19-23. Finally, the magistrate judge found that Brown similarly failed to demonstrate his sentence would have been different had his counsel specifically argued for a horizontal departure based on Brown's criminal history

category. *Id.* at 23-29. The magistrate judge reached this conclusion after finding that "[a]lthough counsel did not explicitly ask for an over-representation departure, he essentially asked for any and every leniency the Court was willing to grant," and successfully "obtained a favorable variance for Brown." *Id.* at 27.

Brown filed a responsive pleading styled as a "Reply Brief to Magistrate's Proposed Findings and Recommendations." ECF No. 109. The Court construes this *pro se* pleading liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While the Court interprets the pleading as objections to the magistrate's proposed findings and recommendations, Movant's pleading essentially repeats the claims in his original petition. Accordingly, Movant raises the following as objections to the proposed findings and recommendations. First, Brown objects to the magistrate judge's finding that his guilty plea was voluntary and intelligent. ECF No. 109 at 3-5. He claims he did not know that his counsel could have filed a motion to suppress the firearm which induced his plea agreement, and consequently he entered a guilty plea "involuntarily and unintelligently." *Id.* at 3. Second, Brown maintains that he was unaware that the $2,035 would be converted to a drug equivalency and subject him to a higher sentence. *Id.* at 5. Third, Brown reiterates his position that his counsel should have requested a downward departure pursuant to §4A1.3 to reduce his criminal history level. *Id.*

## II. ANALYSIS

This Court's review of the magistrate's proposed findings and recommendations to which Brown objects is de novo. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.").

To prevail on a collateral attack on a sentence pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate that the conviction or sentence was imposed in violation of the laws or Constitution of the United States or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. When a petitioner claims ineffective assistance of counsel, he must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In order to satisfy the second prong of this test in a challenge to a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

    A.    **Claim One: Failure to File Motion to Suppress**

On the first claim, that his counsel failed to file a motion to suppress the firearm, Brown contests the magistrate judge's finding that Brown "does not claim that this alleged ineffective assistance of counsel affected his decision to plead guilty." *See* Proposed Findings, ECF No. 108, at 14. Later in his objections, however, Brown indicates he may have nonetheless pleaded guilty for other reasons, had his attorney moved to suppress: "At least, provocation of an enhanced firearm penalty would not have been the reason for the plea then." ECF No. 109 at 4. Moreover, the government dismissed the counts of the indictment premised on the discovery of the firearm and Brown pleaded guilty only to possession with intent to distribute oxycodone. Plea Agreement, ECF No. 57, at ¶¶ 1-2. The firearm had nothing to do with the count to which Brown pleaded guilty. The Court therefore agrees with the magistrate judge's finding that Brown failed to satisfy the second prong of *Strickland*.

Furthermore, any allegation of ineffective assistance of counsel that occurred prior to the guilty plea is cured by the entry of a knowing and voluntary guilty plea. *See Fields v. Attorney General of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992) ("It is well-established that a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations."). In this case, the Court conducted a thorough plea colloquy pursuant to Federal Rule of Criminal Procedure 11. The Court finds it unnecessary to repeat the magistrate judge's detailed review of the Rule 11 proceedings and thus incorporates them here. Proposed Findings, ECF No. 108, at 4-8. As the magistrate judge concluded, the colloquy "established Brown's full understanding of the charges against him, the burden of proof on the United States, and the consequences of his guilty plea, as well as the knowing and voluntary nature of Brown's guilty plea." *Id.* at 18. For these reasons and after a review of the record, the Court **ADOPTS** the findings of the magistrate court regarding Brown's first claim.

### B. Claim Two: Failure to Object to Conversion of Currency to Drug Quantity

Without noting specific objections to the magistrate judge's findings, Brown reasserts the claim that he was unaware that the currency seized from him at arrest would be converted into a drug quantity and expose him to a higher term of imprisonment. ECF No. 109 at 5. In the Presentence Report, the probation officer converted $2,035 in currency found on Brown at his arrest into the equivalent number of 80 mg OxyContin pills (25 pills), as proceeds from prior drug transactions. ECF No. 81 ¶ 13. This number was added to the other pills involved in the offense for a total of 230 (80 mg) OxyContin pills. *Id.* Brown contends that he did not know that he could be sentenced based on the amount of drugs represented by the currency. As the magistrate judge concluded, this claim also fails, for at least two reasons.

First, at sentencing the Court concluded that Brown qualified for the career offender provision of the Sentencing Guidelines, given Brown's criminal history. The Court explained to Brown the significance of the career offender provision, that it dictated a base offense level independent of the amount of drugs involved in the offense. Sentencing Transcript, ECF No. 95, at 12; *see also* U.S.S.G. §4B1.1. In Brown's case, the base offense level was 34 as set by the career offender provision, and the Court ultimately departed downward to a base offense level equivalent of 29. Sentencing Transcript at 14, 23. Second, even if the career enhancement provision did not apply, the inclusion of the $2,035 drug weight equivalent would not have affected the base offense level. Including the currency equivalent, Brown was held responsible for 230 (80 mg) OxyContin pills, which resulted in a base offense level of 26.[1] Excluding the $2,035 drug equivalent, Brown would have been responsible for 205 (80 mg) OxyContin pills pursuant to the plea agreement. This amount also results in a base offense level of 26.[2]

Therefore, because the conversion of the $2,035 into its drug weight equivalent had no impact on Brown's sentence, the Court concurs with the magistrate judge and **ADOPTS** the findings regarding claim two.

C.   **Claim Three: Failure to Request Downward Departure**

Finally, Brown maintains that counsel should have requested a downward departure pursuant to U.S.S.G. §4A1.3, based on his belief that his criminal history category over-represented the seriousness of his criminal history. Brown does not specifically object to any of the magistrate judge's specific findings, but merely restates his original claim. ECF No. 109 at

---

[1] To determine the base offense level, the probation officer who prepared the Presentence Report converted the quantity of pills to their marijuana equivalent. In Brown's case, the 230 pills were equivalent to 123.28 kilograms of marijuana, which corresponds to a base offense level of 26 pursuant to §2D1.1(c)(7) of the guidelines (at least 100 kg but less than 400 kg of marijuana). *See* Presentence Report, ECF No. 81 ¶ 14.

[2] This amount of pills converts to an equivalent of 109.88 kilograms of marijuana under the guidelines. Because this falls within the range of 100 kg to 400 kg, a base offense level of 26 results, pursuant to §2D1.1(c)(7).

5. The Court has reviewed the record and agrees with the magistrate judge's findings. Essentially, Brown argues that his counsel should have requested a horizontal departure based on Brown's criminal history category, in addition to the departures for which Brown's counsel did argue, and which the Court granted. Brown has alleged no facts to suggest that his sentence would have been less than 169 months if counsel had specifically argued for the criminal history category departure. Furthermore, Brown argues that had counsel made the argument for a criminal history departure, the guideline range would have been 140-175 months. ECF No. 109 at 5. Defendant's actual sentence, 169 months, still falls within this range. The Court concludes that Brown has failed to demonstrate actual prejudice from the alleged ineffective assistance of his counsel regarding the downward departure. Therefore, the Court **ADOPTS** the findings of the magistrate court regarding Brown's third claim.

### D.    Certificate of Appealability

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

### III. CONCLUSION

Brown has failed to demonstrate that his counsel's representation was deficient and that there is a reasonable probability he would have received a more lenient sentence but for the alleged deficiencies. Upon de novo review, for the reasons stated above, the Court **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the magistrate judge, **DENIES** Brown's objections, and **DENIES** Brown's motion. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 24, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE